UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAPE ANN MARINA, )<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WATSON INS. AGENCY, INC., )<br>)<br>Defendant. )<br>) | Civil Action No. 07-11983-LTS |

ORDER ON MOTIONS FOR DIRECTED VERDICT.

July 27, 2010

SOROKIN, M.J.

Pending before the Court are the Defendant's motions for directed verdict made at the close of the Plaintiff's case and renewed upon the close of the evidence. The Court reserved ruling on both motions and now makes the following rulings. The motions are ALLOWED IN PART, as set forth herein, and OTHERWISE DENIED.

A directed verdict in favor of the Defendant shall enter on Count II of the Complaint alleging the breach of contract. In this claim, the Plaintiff alleges a breach of the duty of "due care" by defendant in the carrying out of the Defendant's contractual obligations (Docket # 1 at ¶ 30), which it concedes is measured by a tort standard. The Supreme Judicial Court has ruled that the allegation of a breach of the "duty of reasonable performance" arising out of a contract "is in essence a tort" and the "cause of action is for tortious conduct, specifically negligence."

1

Sullivan v. Utica Mutual Insurance Co., 439 Mass. 387, 397 (2003). Accordingly, the motion for directed verdict on Count II is ALLOWED.

The Defendants also request a directed verdict on two damages issues – the Plaintiff's claims for lost profits and attorneys fees. Regarding the fees, a narrow exception to the general rule prohibiting recovery of attorneys fees applies in limited circumstances. Coady v. Wellfleet Marine Corp., 62 Mass.App.Ct. 237, 243-44 (2004); Franchi v. Stella, 42 Mass.App.Ct. 251 (1997); Restatement Second of Torts § 914(1) & (2). The Plaintiff has not met its burden of proof to establish the circumstances required for invocation of the exception. Regarding lost profits, "purely economic losses are unrecoverable in tort and strict liability actions in the absence of personal injury or property damage." Aldrich v. ADD, 437 Mass. 213, 222 (quoting FMR Corp v. Boston Edison, 415 Mass. 393, 395 (1993)). Here, the property damage the Plaintiff sustained was not proximately caused by the Defendant's alleged negligence as is required. Id. Accordingly, I ALLOW the motion for directed verdict in favor of the Defendant on both of these issues. In all other respects the Motions are DENIED.

SO ORDERED,

/s/   Leo T. Sorokin
Leo T. Sorokin
United States Magistrate Judge